IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| ELAINE JAMES, M.D., | ) |
| | ) |
| Plaintiff, | )         8:09CV112 |
| | ) |
| v. | ) |
| | ) |
| THE STATE OF NEBRASKA; | )         MEMORANDUM AND ORDER |
| NEBRASKA BOARD OF MEDICINE & | ) |
| SURGERY; NEBRASKA DEPARTMENT | ) |
| OF HEALTH AND HUMAN SERVICES, | ) |
| DIVISION OF PUBLIC HEALTH, | ) |
| an agency in the State of | ) |
| Nebraska, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on defendants' motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 110). Plaintiff Elaine James, M.D. ("Dr. James") originally brought this action asserting due process and equal protection violations pursuant to 42 U.S.C. § 1983, violations of the American Disabilities Act ("ADA"), and a state law defamation claim. On May 10, 2011, both Dr. James and the defendants filed motions for summary judgment.[1] As a result of the Court's ruling on the cross motions for summary judgment, only the ADA claim remains (Filing No. 109). Since Dr. James brought the ADA claim against public entities the State of Nebraska, the Nebraska Board of Medicine and Surgery, and the

---

[1] The deadline for filing a motion for summary judgment in this action has passed. *See* Filing No. 82, at 2.

Nebraska Department of Health and Human Services, those public entities are the only remaining defendants. *See* Complaint, Filing No. 1, at 7. After having reviewed defendants' present motion, the briefs, and relevant case law, the Court will deny defendants' motion to alter or amend judgment.

**I.  Federal Rules of Civil Procedure 59(e) and 60(b).**

In its previous order addressing defendants' motion for summary judgment, the Court did enter a judgment to the extent that it granted in part defendants' motion for summary judgment. However, with regard to the ADA claim, the Court denied defendants' motion for summary judgment, so the Court's order with regard to that claim was not a judgment at all. In other words, defendants' motion to alter or amend judgment regarding the ADA claim is "not directed to a final judgment, but rather to a nonfinal order. By its terms, only Rule 60(b) encompasses a motion filed in response to an order. Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).

In *Broadway*, the Eighth Circuit wrote, "In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim . . . . This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud,

-2-

changed conditions, and the like).  It is not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 989-90. "Under Rule 60(b) the movant must demonstrate exceptional circumstances to justify relief." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997).  If this Court were to construe defendants' present motion as a Rule 60(b) motion, the motion would be denied because it does not state any grounds for relief delineated in the rule, nor does it adequately establish "exceptional circumstances" or "any other reason that justifies relief," as described below.  *See* Fed. R. Civ. P. 60(b).

As another district court wrote in a similar situation, "[Defendant] moves pursuant to Rule 59 of the Federal Rules of Civil Procedure. . . . The present motion is inappropriate under Rule 59 because the [defendant's] earlier motion for summary judgment was denied, hence no judgment was entered on which the [defendant] could bring a motion to alter or amend." *Moodie v. Fed. Reserve Bank of N.Y.*, 835 F. Supp. 751, 752 (S.D.N.Y. 1993). However, like that district court, "[W]e nevertheless address the [Defendant's] arguments to clarify our prior holding if that is necessary." *Moodie*, 835 F. Supp. at 752.

**II.  Motion to Alter or Amend Judgment**.

"A district court has broad discretion in determining whether to grant a motion to alter or amend judgment . . . ."

*Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). A Rule 59(e) motion to alter or amend a judgment "does not allow arguments or evidence to be presented after judgment when the argument or evidence could have been presented earlier." *McAllister v. Transamerica Occidental Life Ins. Co.* 325 F.3d 997, 1003 (8th Cir. 2003) (citations omitted). "A Rule 59(e) motion 'cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.'" *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993) (quoting *Woods v. City of Michigan City*, 940 F.2d 275, 280 (7th Cir. 1991)).

   **A. "Qualified Person" and "Reasonable Modifications."**
"Although persons with disabilities are generally entitled to the protection of [the ADA], a person who poses a significant risk to others will not be 'qualified,' if reasonable modifications to the public entity's policies, practices, or procedures will not eliminate that risk." 28 C.F.R. pt. 35, App. A at 553 (2007). Originally, defendants' sole argument against Dr. James' ADA claim was that Dr. James was not a "qualified individual" under the ADA (Filing No. 86). As Dr. James points out, defendants had admitted that Dr. James is a qualified individual in their answer (Filing No. 57, at 6, para. 25). In any event, in their summary judgment brief, defendants argued, "[I]t is clear that the Plaintiff is not a qualified individual under the ADA because she

posed a potential significant risk to the health and safety of others" (Filing No. 86, at 12).

Now, in their present motion, defendants argue in the alternative, saying, "[E]ven if [Dr. James] was a qualified person, Defendants modified their policy and practice and offered Dr. James a reasonable accommodation through a probationary license" (Filing No. 110, at 1). Dr. James disagrees, stating that defendants' actions cannot be categorized as an accommodation or modification, reasonable or otherwise, but rather, "the Department took disciplinary action against the Plaintiff based on her disability" (Filing No. 112, at 4). Defendants liken their accommodation of Dr. James to that of the state of South Carolina (Filing No. 111, at 4). Dr. James disagrees, finding that the actions of the two states "are miles apart in intent, content and impact" (Filing No. 112, at 7). The Court finds that the characterization of defendants' actions as "reasonable modifications" or not is a question of fact not amenable to resolution in summary judgment, which is granted only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**B. "Proof of Risk."** In defendants' brief in opposition to plaintiff's motion for summary judgment, Filing No. 97, at 2, defendants "agree" with Dr. James' statement,

-5-

> During the application process for both her Temporary Educational Permit and the full license Dr. James submitted letters to the Department of Health and Human Services licensing specialists from her treating physicians, as well as a colleague indicating that in their opinion she was compliant with her treatment, stable on her medications, and had shown no limitations to safely practice medicine.

(Filing No. 94, para. 15). In this Court's previous order granting in part and denying in part defendants' motion for summary judgment, the Court noted that defendants could have merely agreed that the letters had been submitted. Defendants now aver that their agreement was limited to the fact that the letters had been submitted (Filing No. 111, at 4). The Court sees no action to be taken on this basis.

      **C. Damages.** The defendants assert an entirely new argument in their motion to alter or amend, not present in their motion for summary judgment: "Since monetary damages is the only relief remaining in this case, [Eighth Circuit case law] requires a showing of intentional discrimination before compensatory damages can be awarded and there has been no allegation of intentional discrimination by any of the Defendants" (Filing No. 110, at 2). The defendants do not explain why they were unable to raise this issue in their motion for summary judgment. The Court finds that this argument "could, and should, have been made

before the trial court entered" its order on summary judgment. *Bannister*, 4 F.3d. At 1440.  Nevertheless, for clarity of the issues, the Court will address this argument as well.

Defendants cite *Meagley v. City of Little Rock,* 639 F.3d 384 (8th Cir. 2011) for the proposition that "in order to collect compensatory damages under Title II of the ADA, as pled here, plaintiffs must show intentional discrimination through deliberate indifference" (Filing No. 111, at 6).  As Dr. James points out, "The deliberate indifference standard, unlike some tests for intentional discrimination, 'does not require a showing of personal ill will or animosity toward the disabled person,' but rather can be 'inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights.'"  *Meagley,* 639 F.3d at 389 (quoting *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228-29 (10th Cir. 2009)).

In her complaint, Dr. James alleged, "Defendants denied Plaintiff the benefits of their program by reason of her disability and thus Defendants committed one or more ADA Title II violations entitling Plaintiff to relief under Title II of the ADA" (Filing No. 1, at 8).  The Court finds that this statement is an allegation of "deliberate indifference" as defined by *Meagley*.  In addition, the Court finds that the characterization

of defendants' actions as exhibiting "deliberate indifference" or not is also a question of fact not amenable to resolution in summary judgment.  Accordingly,

IT IS ORDERED:

1) Defendants' motion to alter or amend judgment (Filing No. 110) is denied.

2) A scheduling conference to establish an amended progression order is scheduled for:

**Monday, November 28, 2011, at 8:15 a.m.**

in the chambers of the undersigned.  The parties may participate by telephone by notifying Judge Strom's office prior to that date.

DATED this 15th day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court