IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELAINE JAMES, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV112 |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE OF NEBRASKA; | ) | MEMORANDUM AND ORDER |
| NEBRASKA BOARD OF MEDICINE & | ) | |
| SURGERY; NEBRASKA DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES, | ) | |
| DIVISION OF PUBLIC HEALTH, | ) | |
| an agency in the State of | ) | |
| Nebraska, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on defendants' motion for leave to file a second amended answer pursuant to Federal Rule of Civil Procedure 15 (Filing No. 117). Plaintiff Elaine James, M.D. ("Dr. James") filed a brief in opposition to defendants' motion to amend (Filing No. 119). Defendants also filed a reply brief in support of their motion (Filing No. 120, as amended by Filing No. 121). After having reviewed defendants' motion, the briefs, and relevant case law, the Court will grant in part and deny in part defendants' motion for leave to file a second amended answer.

I.  **Relevant Procedural History.**

Dr. James filed her complaint on March 26, 2009 (Filing No. 1). Dr. James alleges that defendants violated the Americans with Disabilities Act ("ADA") with regard to the physician

licensure process in the State of Nebraska.  After some extensions of time and the denial of a motion to dismiss, defendants filed their original answer on December 16, 2009, almost two years ago (Filing No. 57).  Due to the delays and the motion to dismiss, the answer was filed after the date for amendment of pleadings as outlined on the (original) final progression order, which was September 28, 2009 (Filing No. 47, at 5).

On May 2, 2011, this Court granted defendants leave to file an amended answer (Filing No. 83).  On September 13, 2011, this Court granted in part and denied in part defendants' motion for summary judgment (Filing No. 109).  On November 15, 2011, the Court denied defendants' motion to alter or amend judgment (Filing No. 116).  Presently, the final pretrial conference is set for March 23, 2012, with trial to begin on April 9, 2012 (Filing No. 118, at 3).

**II. Americans With Disabilities Act.**

The Americans with Disabilities Act states, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C.

§ 12132.  "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. § 12131(2).  "Although persons with disabilities are generally entitled to the protection of [the ADA], a person who poses a significant risk to others will not be 'qualified,' if reasonable modifications to the public entity's policies, practices, or procedures will not eliminate that risk."  28 C.F.R. pt. 35, App. A at 553 (2007).

**III. Motion For Leave to File Second Amended Answer**.

Defendants seek to amend their previous admission, made both in their original answer and in their first amended answer, that "the Plaintiff is a 'qualified individual with a disability' who now meets the essential eligibility requirements for 'participation in the licensing program for physicians in the State of Nebraska'" (First Amended Answer, Filing No. 83, ¶ 25 (quoting Complaint, Filing No. 1, ¶ 30)).[1]  Defendants seem to wish that this sentence would necessarily imply that at some time in the past, Dr. James was *not* a "qualified individual:"  "It is not the fault of the Defendants that the need to clarify their

---

[1] The Court notes that other than the addition of the word "now," this admission is similar to Element 2 of the ADA Claim as listed in the parties' 26(f) planning committee meeting report (Filing No. 41, at 2).  There, defendants disputed Element 2.

-3-

answer in this matter only became clear after the recent rulings of the Court" (Filing No. 120, at 2). Further, defendants claim that "counsel was unable to foresee how the Court might interpret the language employed in the earlier pleadings" (Filing No. 120, at 3). Thus, defendants suggest a new paragraph 25:

> As to Paragraph 30 of the Complaint, the Defendants admit that the Plaintiff is an individual with a disability who now meets the essential eligibility requirements for 'participation in the licensing program for physicians in the State of Nebraska.' Defendants deny that Plaintiff was a 'qualified individual' for ADA protection purposes at the time she filed her applications for licensure for the reason that at that time, she presented a potential actual risk to public health, safety and welfare due to her admitted and documented mental health and physical conditions and the circumstances surrounding those conditions.

(Filing No. 117, at 1-2).

In addition, defendants seek to add two affirmative defenses to their first amended answer, namely:

> 52. The Plaintiff was not a "qualified individual" for the purposes of ADA protection at the time she initiated the license application process in the State of Nebraska because the evidence showed that she was a potential actual risk to public safety due to her mental health and physical conditions.

> 53. Defendants engaged in a reasonable modification of the generally applicable public policy of denying licenses to practice medicine to applicants who represent a public safety risk by offering a probationary license to Plaintiff which they believed to be the only available avenue under Nebraska law to allow Plaintiff to practice medicine while allowing monitoring of her mental health and physical conditions in the best interests of public safety. This was an attempt at reasonable accommodation of her disability to the extent allowable under Nebraska law consistent with Defendants' good faith view of public safety requirements under their licensing responsibility.

(Filing No. 117, at 2).

Defendants' justification for these amendments is that they "intended to only admit that Plaintiff was a person with a disability . . . and not that she was qualified for or entitled to the protection of the ADA under the circumstances of this case and since the ADA issue is going forward, additional affirmative defenses need to be asserted on behalf of Defendants in the interests of justice" (*Id.* at 2-3). In addition, defendants "need to clarify their Answer and specify more clearly the limited nature of their intended admission regarding the claim of 'qualification' under the ADA asserted by Plaintiff" (Filing No. 120, at 2).

Dr. James opposes this amendment for three reasons. First, she claims that the amendment is not timely, because "any motions . . . to amend pleadings in this action for defendant" were to "be filed on or before September 28, 2009," the deadline stated in the first progression order, and so this constitutes "undue delay" (Filing No. 119, at 2).[2]

Second, Dr. James claims that the amendment would lead to delay of the trial and would prejudice her because she would be obliged to expand expert testimony and conduct additional discovery, which would require additional outlays of time and money (Filing No. 119, at 2-3).

Third, Dr. James claims that defendants are estopped from denying their previous admission and from asserting new affirmative defenses.  In particular, she states, "In this case the Plaintiff has prepared her case and selected her experts based on the Defendants' Answer and Amended Answer.  Because the Plaintiff has so relied, the Defendants' motion should be denied" (Filing No. 119, at 3).

Defendants question this contention.  They note that the deadline for disclosure of expert witnesses, September 28, 2010, has long past, and that "Defendants can find no record of

---

[2] Again, the Court notes that defendants' original answer was filed on December 16, 2009, after this deadline for *amending* the pleadings. *See supra* part I.  Thus the deadline, while relevant as a general benchmark, could not be taken literally so as to preclude defendants from being able to file their answer.

Plaintiff having ever disclosed any expert witnesses whatsoever in this case" (Filing No. 120, at 3; *see* Second Amended Progression Order, Filing No. 62, at 2).

**IV. Federal Rules of Civil Procedure 15(a) and 16(b).**

If a party seeks to amend a pleading before trial but after 21 days of serving the pleading, the party may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'"  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

In *Sherman*, the Eighth Circuit provides clear guidance on the analysis of whether or not to allow an amendment to a pleading.  There, defendant's motion to amend its answer to add an affirmative defense was made "seventeen months after the established deadline for amending pleadings."  *Sherman*, 532 F.3d at 716.  Therefore, "the district court was required to apply Rule 16(b)'s good-cause standard in ruling on [defendant's]

motion." *Id.* Rule 16(b)(4) states, "A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).

The Eighth Circuit went on to say, "The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. In *Popoalii*, we stated that '[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.'" *Sherman*, 532 F.3d at 716 (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)(emphasis added)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006).

**V.   Analysis.**

**A.   Amendment of Paragraph 25.**

Considering defendants' statement on the Rule 26(f) report and their unequivocal arguments in their briefs in support of summary judgment[3], Dr. James was on notice that defendants had every intention to dispute her claim that she is a qualified individual under the ADA. If Dr. James had actually been relying on defendants' admission that she was a qualified individual as

---

[3] "The plaintiff is not a qualified individual and is not afforded protection by the ADA in this case" (Filing No. 86, at 10. "Plaintiff is not a qualified individual under the ADA, and therefore is not entitled to ADA protection" (Filing No. 107, at 5).

stated in defendants' answer and amended answer, the Court assumes that Dr. James would have asserted this fact at the moment where it counted most, that is, in her brief in opposition to defendants' motion for summary judgment.  Yet Dr. James made only substantive arguments in support of her contention that Dr. James is a qualified individual and did not mention defendants' admission (Filing No. 101, at 11-14).

The Court has a hard time understanding why Dr. James would not raise the fact of this admission in her summary judgment opposition brief if she was relying on it such that she would not prepare the issue for trial and would not seek out expert witnesses that she claims would otherwise be required. Rather, the Court assumes that Dr. James noticed this admission in defendants' answer after she filed her brief in opposition to defendants' motion for summary judgment on June 14, 2011.  Thus she could only reasonably have been relying upon it since that time, which was well after the deadline for disclosure of expert witnesses, September 28, 2010.

The Court finds that the admission in defendants' answer and first amended answer was an instance of "insufficiently precise language" (Filing No. 120, at 3), clearly refuted by defendants' arguments in other filings before this Court.  The Court finds that defendants have shown good cause for amending their answer to conform with their other filings.  In

the interests of justice, defendants will be allowed to amend paragraph 25 of their answer as outlined in their motion.

**B.  Additional Affirmative Defenses.**

However, with regard to their proposed additional affirmative defenses, as in *Sherman*, this Court finds that "[h]ad [defendants] been diligent, [they] would have performed this research [into the possibility of other affirmative defenses] at the outset of the litigation . . . ."  *Sherman*, 532 F.3d at 718.  Defendants have not offered any justification for their not including the affirmative defenses in either their original answer or their first amended answer.  Whether the analysis is made in terms of the defendants' lack of diligence or their undue delay, the Court finds that defendants have made no showing as to why the Court should allow additional affirmative defenses now, some two years after the filing date of the original answer and just four months before trial.  Accordingly,

IT IS ORDERED:

1)  Defendants' motion for leave to file a second amended answer (Filing No. 117) is granted in part and denied in part.  Defendants may amend paragraph 25 as outlined in their motion on or before December 16, 2011, but they may not add the proposed affirmative defenses.

    2)   This case will proceed as outlined in the Fourth Amended Final Progression Order dated November 28, 2011 (Filing No. 118).

    DATED this 8th day of December, 2011.

                       BY THE COURT:

                       /s/ Lyle E. Strom  
                       _____  
                       LYLE E. STROM, Senior Judge  
                       United States District Court