IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELAINE JAMES, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV112 |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE OF NEBRASKA; | ) | ORDER |
| NEBRASKA BOARD OF MEDICINE & | ) | |
| SURGERY; NEBRASKA DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES, | ) | |
| DIVISION OF PUBLIC HEALTH, | ) | |
| an agency in the State of | ) | |
| Nebraska, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter is before the Court on the parties' motions in limine (Filing Nos. 146, 150, and 153). The Court heard oral argument on the motions on June 7, 2012. After considering the parties' motions, briefs, submissions of evidence, oral argument, and the relevant law, the Court rules as follows.

      Plaintiff filed a *Daubert* motion (Filing No. 150, with brief, Filing No. 151, and index of evidence, Filing No. 149) objecting to the testimony of defendants' expert Karen Stricklett, vocational consultant, as to the projected future income of plaintiff Elaine James, M.D. Defendants filed a brief in opposition to the motion (Filing No. 157). As explained at the hearing on the motion, the Court finds that Ms. Stricklett is qualified, according to the requirements of Federal Rule of Evidence 702, to render an opinion as to the projected future

income of Dr. James.  However, Ms. Stricklett will not be allowed to make any reference to the website "AverageSurgeonSalary.com," either in her testimony or in her expert report.  In all other respects, plaintiff's motion in limine will be denied.

Defendants filed a *Daubert* motion (Filing No. 146, with brief, Filing No. 147, and index of evidence, Filing No. 148) objecting to the testimony and expert reports of plaintiff's expert, James Menard, as to the projected future income of Dr. James.  Dr. James filed a brief in opposition to the motion (Filing No. 160, with index of evidence, Filing No. 159), to which defendants replied (Filing No. 163).  Federal Rule of Evidence 702 requires, among other things, that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: . . . the testimony is based on sufficient facts or data . . . ."  Fed. R. Evid. 702.

As an initial matter, although Mr. Menard's methodology as a Certified Public Accountant (CPA) may differ from those of a vocational consultant like Ms. Stricklett, the Court finds that Mr. Menard is qualified to render an opinion as to Dr. James' projected future income.

As to the factual basis of his opinion, the Court recognizes that Mr. Menard has admittedly based his projected

future income of Dr. James on but two pieces of data: first, a single job listing for which she is arguably qualified; and second, an opinion rendered by a physician during a phone call to one of Dr. James' counsel's staff.[1] The Court finds that the jury is capable of determining the weight to be given to an opinion by consideration of the facts underlying such an opinion.

Defendants also object to Mr. Menard's supplemental, updated report dated April 19, 2012. The Fifth Amended Final Progression Order states that Dr. James' expert reports were due to defendants on or before January 17, 2012. Menard's first expert report was timely, dated November 23, 2010. Menard's updated report is dated April 19, 2012. Defendants argue that the updated report is untimely and should be excluded on that basis.

Dr. James states that she has a duty to supplement the report with updated information per Federal Rule of Civil Procedure 26, which states,

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must

---

[1] Defendants state that this second piece of data is inadmissible hearsay. The Court notes that much of the data relied upon by experts is hearsay, and the Court will not reject Mr. Menard's opinion on that basis.

-3-

>                be disclosed by the time the
>                party's pretrial disclosures under
>                Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2).  However the Fifth Amended Final Progression Order states, "Supplementation of these [expert witnesses'] disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e)" (Filing No. 131, at 2), which was January 17, 2012, for Dr. James.  Therefore, defendants' motion in limine is granted to the extent that Mr. Menard's supplemental report dated April 19, 2012, will not be received in evidence.  In all other respects, defendants' motion in limine will be denied.

   Finally, plaintiff filed another motion to exclude evidence (Filing No. 153) to which defendants do not object.  Therefore, the motion will be granted.  Accordingly,

   IT IS ORDERED:

   1) Plaintiff's motion in limine as to expert Karen Stricklett (Filing No. 150) is granted to the extent that Ms. Stricklett will not make any reference to the website "AverageSurgeonSalary.com," either in her testimony or in her expert report.  In all other respects, plaintiff's motion in limine is denied;

   2) Defendants' motion in limine as to expert James Menard (Filing No. 146) is granted to the extent that Mr.

Menard's supplemental report dated April 19, 2012, will not be received in evidence.  In all other respects, defendants' motion in limine is denied; and

      3) Plaintiff's uncontested motion in limine (Filing No. 153) is granted.

      DATED this 8th day of June, 2012.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court